**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HARDEEP SINGH, | No. 07-71661 |
| Petitioner, | Agency No. A097-596-806 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Hardeep Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order summarily affirming an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Singh's contention that he was persecuted on account of his membership in the particular social group comprised of his family because he failed to exhaust this contention before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the IJ's decision that Singh failed to establish past persecution or a well-founded fear based on a protected ground because the record reflects both that the police interrogated Singh overnight as part of a bona fide investigation of Singh's son's association with alleged terrorists, *see Dinu v. Ashcroft*, 372 F.3d 1041, 1043-44 (9th Cir. 2004), and that the alleged terrorists' interest in Singh and his son was motivated by personal retribution, *see Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000). Therefore, Singh's asylum claim fails.

Because Singh failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Dinu*, 372 F.3d at 1045.

Substantial evidence supports the IJ's conclusion that Singh did not establish it is more likely than not that he will be tortured if returned to India, and accordingly his CAT claim fails. *See Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**